IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| LEXINGTON INSURANCE COMPANY,<br>　　　Plaintiff<br><br>v.<br><br>CENTRAL FALLS DETENTION FACILITY<br>CORPORATION d/b/a DONALD W. WYATT<br>DETENTION FACILITY,<br>　　　Defendant | :<br>:<br>:<br>:  Civil Action No.:<br>:<br>:<br>:<br>:<br>: |

## COMPLAINT

Plaintiff, LEXINGTON INSURANCE COMPANY, for its Complaint against Defendant CENTRAL FALLS DETENTION FACILITY CORPORATION d/b/a DONALD W. WYATT DETENTION FACILITY, alleges as follows:

## PARTIES

1. Plaintiff, LEXINGTON INSURANCE COMPANY (hereinafter "Lexington") is, and at all times relevant hereto was, a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 99 High Street, Boston, MA 02110.

2. Lexington is engaged in the business of insurance.

3. Defendant CENTRAL FALLS DETENTION FACILITY CORPORATION (hereinafter, "CFDFC") is a corporation organized and existing under the laws of the State of Rhode Island, with a principal place of business of 950 High Street, Central Falls, RI 02919.

4. Upon information and belief, CFDFC does business as the Donald W. Wyatt Detention Facility.

## JURISDICTION

5. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332, as the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States.

## FACTS

6. This is an action by Lexington, as insurer, against CFDFC, its insured. The action arises from a third-party liability claim that was brought against the Defendant. Lexington provided coverage for the claim, pursuant to the terms and conditions of the insurance policy at issue. Lexington provided defense and indemnity, and did pay in full, from the ground up, all expenses and attorneys' fees incurred, and did pay in full, all settlement monies paid to the claimant. Plaintiff, pursuant to the express provisions of the insurance policy, then demanded that Defendant reimburse Plaintiff for all amounts advanced on the claim within the Defendant's deductible layer. Defendant failed and refused to repay, and did thus breach the contract between the parties, i.e., the insurance policy, discussed next.

7. For premium paid and pursuant to an application for insurance duly submitted by and on behalf of Defendant, Plaintiff Lexington issued a Security Guard General and Professional Liability Insurance Policy in favor of Wyatt Detention Center, as named insured. The policy was known by policy number 021778132, and had a policy period of August 1, 2010, to August 1, 2011 (hereinafter, the "Subject Insurance Policy").

8. The Subject Insurance Policy provide for a $100,000 per claim deductible amount to be borne by the named insured.

9. The deductible provided for in the Subject Insurance Policy applies to all defense costs, expenses, and attorney's fees incurred, and does also apply to all indemnity (or settlement) monies paid.

10. The Subject Insurance Policy further provides that the insurer may advance payment of all or any part of the deductible amount, in defense or settlement of the claim, and that upon notification of the action taken, the named insured "must promptly reimburse [Lexington] for the deductible amounts advanced by [Lexington]."

11. The claim at issue is that is that of Raymond Francisco, who allegedly suffered bodily injuries said to have been attributable to Defendant's negligence at the Wyatt Detention Facility. That action was venued in the United States District Court of Rhode Island (Civil Action No.: CA11-231). This claim came to be known within Lexington by claim number 683-515774 (hereinafter, the "Francisco Claim").

12. Defendant tendered the Francisco Claim to Lexington and requested coverage therefor under the terms and conditions of the Subject Insurance Policy.

13. In connection with the Francisco Claim, Lexington paid a total of $139,241.88 to resolve this matter, inclusive of $129,241.88 in defense costs and $10,000 in indemnity.

14. Lexington paid the foregoing amounts from the ground up, without contribution from the Defendant.

15. On the Francisco Claim, and in accordance with the terms and conditions of the Subject Insurance Policy, Defendant must repay to Lexington the amount of $100,000, representing amounts paid by Plaintiff within the deductible layer.

16. Despite notification, and despite due demand having been made therefor, Defendant has to date failed and refused to reimburse Plaintiff the amount owed, and indeed has paid nothing.

<u>FIRST CAUSE OF ACTION</u>
<u>BREACH OF CONTRACT</u>
<u>SUBJECT INSURANCE POLICY</u>

17. Plaintiff repeats, realleges, and incorporates herein all of the preceding paragraphs of this Complaint, with the same force and effect as if each were fully set forth herein.

18. The Subject Insurance Policy is a valid, binding, and enforceable contract between the parties.

19. In connection with the Francisco Claim, and indeed in connection with all else arising under the Subject Insurance Policy, Plaintiff did fully, properly, and faithfully discharge all obligations, covenants, and conditions imposed upon it.

20. In accordance with the express terms of the Subject Insurance Policy, Lexington, after paying the foregoing amounts to resolve the claim, did make demand upon Defendant to promptly reimburse Lexington in the amount of $100,000, i.e., the amounts paid by Lexington within the deductible layer, in connection with the Francisco Claim.

21.  Defendant has to date failed and refused to pay to Lexington the amount demanded, and indeed has paid nothing.

22. Defendant has thus breached the contract between the parties, i.e., the Subject Insurance Policy.

23. In consequence of the foregoing, Lexington has been damaged in the principal amount of ONE HUNDRED THOUSAND DOLLARS ($100,000), exclusive of interest, and has been further damaged by having been forced to incur costs of bringing this suit, and attorney's fees.

WHEREFORE, Plaintiff, LEXINGTON INSURANCE COMPANY, prays for a judgment to be entered in its favor, and against the Defendant, as follows:

      i.    On the first cause of action, for compensatory damages in the principal amount of $100,000;

      ii.      For pre-judgment interest on such sum at the legal rate, accruing from the date of Lexington's first demand for repayment;

      iv.      For costs of suit incurred herein; and

      v.      For such other and further relief as the Court may deem just and proper.

Respectfully Submitted,
LEXINGTON INSURANCE COMPANY,

Dated: March 18, 2021

*/s/ Peter Brent Regan*
Peter Brent Regan (#3421)
SAYER REGAN & THAYER, LLP
130 Bellevue Avenue
Newport, RI 02840
(401) 849-3040
pregan@srt-law.com